UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Warren Township,<br>Tuscarawas County, Ohio, *et al.*, | ) <br> ) <br> ) | CASE NO. 5:20CV1199 |
| Plaintiffs, | ) <br> ) | JUDGE JOHN R. ADAMS |
| v. | ) <br> ) <br> ) | **MEMORANDUM OF OPINION** |
| Kinder Morgan Utopia, LLC, *et al.*, | ) <br> ) | (Resolves Doc. 12) |
| Defendants. | ) <br> ) | |

Pending before the Court is a motion for summary judgment filed by Defendants Kinder Morgan Utopia, LLC ("Kinder Morgan"), Liberty Mutual Insurance Company, and Continental Casualty Company (collectively "Defendants"). (Doc. 12). Plaintiffs Warren Township, Lawrence Township and Sandy Township (collectively the "Townships") have opposed the motion, and Kinder Morgan has replied. Kinder Morgan's motion for summary judgment is GRANTED.

**I. Facts & Procedure**

The Townships filed their complaint in the Court of Common Pleas in Tuscarawas County. Defendants, however, removed the matter to this Court on June 1, 2020. Within their complaint, the Townships contend that Defendants failed to fulfill their contractual obligations to repair certain public roadways located in the various townships pursuant to the parties' Road Use and Maintenance Agreements ("RUMAs"). The RUMAs hold that Kinder Morgan was to maintain certain township roadways during the pendency of its construction activities, and, when Kinder Morgan's construction project ended, to repair all damage to the roads caused by Kinder Morgan's

activities to the same condition that existed when Kinder Morgan first arrived in Tuscarawas County in January of 2017. (Doc. 1-2).

The Townships raise a series of claims all premised upon an alleged failure of Kinder Morgan to restore township roadways. Specifically, the Townships raise claims of breach of contract, unjust enrichment, and quantum meruit. Kinder Morgan has moved for summary judgment on each of the claims. The Court now reviews the parties' arguments.

**II. Legal Standard**

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. This is so that summary judgment can be used to dispose of claims and defenses which are factually unsupported. *Id.* at 324. The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* The court's inquiry at the summary judgment stage is "the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250.

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *Catrett,* 477 U.S. at 324. The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary

material listed in Rule 56(c), except the mere pleadings themselves ...." *Id.* Rule 56(c) states, "... [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A scintilla of evidence in favor of the nonmoving party is not sufficient.

### III. Law and Analysis

#### A. Unjust Enrichment and *Quantum Merit* Claims

Initially, the Court notes that Townships did not respond to Kinder Morgan's motion for summary judgment on their claims for unjust enrichment and *quantum merit*. A party waives opposition to an argument by failing to address it in her responsive brief. *See Dage v. Time Warner Cable*, 395 F.Supp.2d 668, 679 (S.D. Ohio 2005); *Cunningham v. Tenn. Cancer Specialists, PLLC*, 957 F.Supp.2d 899, 921 (E.D. Tenn. 2013). Accordingly, the Court is not required to consider the merits of Defendant's argument and may grant judgment in its favor on both claims. *See Hicks v. Concorde Career Coll.*, 339 F. App'x 484, 487 (6th Cir. 2011).

However, as review of the merits is straightforward and concise, the Court will also review the merits of Plaintiffs' claims. First, Plaintiffs contend that Defendant was unjustly enriched. Unjust enrichment claims justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining benefits. *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009). Further, a claim for unjust enrichment cannot be sustained if an express contract exists relating to the same subject matter. *Wochna v. Mancino*, 9th Dist. No. 07CA0059—M, 2008-Ohio-996, 2008 WL 623731. In this case, the Townships signed an express, written contract with Kinder Morgan that outlines the responsibilities of each party pertaining to the maintenance of the public roadways. Doc. 12-3. Therefore, the Townships'

claim for unjust enrichment fails as a matter of law. For the same reasons, the Townships' *quantum merit* case also fails as a matter of law.[1]

### B. Breach of Contract

To establish a claim for a breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453 (2018).[2] In the current case, the Court finds that the damage and subsequent repair to the road is an issue that pertains to a technical question that requires expert testimony to support a claim rather than statements from a layperson. *See, e.g., Ramage v. Cent. Ohio Emergency Servs., Inc.*, 64 Ohio St.3d 97, 102 (1992).

The parties appear to agree that Kinder Morgan's sole contractual obligation at issue required it to repair roadways and bridges to their "pre-Pipeline Activity condition" that were damaged by activities attributable to Kinder Morgan. "A party need not present expert testimony where the subject of an inquiry is within the common, ordinary experience and knowledge of a layperson. *Jones v. Hawkes Hosp.*, 175 Ohio St. 503, 196 N.E.2d 592 (1964), paragraph one of the syllabus. On the other hand, 'where the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill,' expert testimony is required. *Id.*" *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 2018-Ohio-2602, ¶ 30.

In this matter, to demonstrate damages, the Townships would be required to demonstrate 1) the condition of the roadways at the time immediately before Kinder Morgan's use, 2) the

---

[1] When an express contract exists, a party must bring a breach of contract action rather than a *quantum merit* claim. *Loop v. Hall*, 4th Dist. Scioto No 05CA3041, 2006-Ohio-4363. Since express contracts exist (the RUMAs), the Townships cannot succeed in their *quantum merit* claim.
[2] For the purposes of this Order, the only element that will be discussed is the damages or loss resulting from the breach because it is the only issue in controversy.

current condition of the roadways, 3) the impact of Kinder Morgan's use of the roadways, and 4) the cost associated with the impact of Kinder Morgan's use.  Contrary to the Townships' contentions, neither a lay person nor a Township trustee has the requisite knowledge to opine on the impact of Kinder Morgan's use of the roadways.  Instead, the Townships appear to assert that because Kinder Morgan used the roadways and they are now in a worse condition, Kinder Morgan *must* be the cause of any damage.  Such an argument fails to take into account the natural life cycle of the roadways and any damage caused by any other activities (e.g., weather related events or other usage by other entities).  Effectively, the Townships seek to make Kinder Morgan an insurer of the roadways responsible for curing all defects in the roadways regardless of whether there is any evidence that Kinder Morgan was the *cause* of such defects.

The Townships' only purported expert testimony came from Joseph Bachman, the Tuscarawas County Engineer. Throughout his deposition, Bachman stated that he did not do any inspections of the road for the lawsuit and did not have any opinion on the cause of the damages that is being alleged by the townships. *See* "Deposition of Joseph Bachman" (Doc. 12-7). Throughout his deposition, Bachman never stated that, in his expert opinion, the damages caused to the road were a direct result of Kinder Morgan's conduct. Furthermore, Bachman's statements in his affidavit merely state that it is impossible for Kinder Morgan to use roadways without causing some damage.  Bachman, however, never attempted to quantify the damage attributable to Kinder Morgan.[3]

---

[3] Similarly, the estimates provided to *fully* repair the roadways make no effort to distinguish between damages caused by Kinder Morgan and damages caused by natural deterioration or other factors.

In their opposition, the Townships also argue that various provisions of the Ohio Revised Code relieve them of their obligation to provide expert testimony.[4] The Townships contend that due to these statutory provisions and the responsibility granted to the Trustees, expert testimony relating to damages is unnecessary in this case. The Court finds no merit in this argument.  The fact that Ohio law permits Trustees to maintain a suit involving injury to a roadway does not aid the Townships.  Even if this Court were inclined to interpret such a provision in a manner that treated the Trustees as "owners" of the roadway, it would not relieve them of their burden to prove causation related to their alleged damages.  As the only expert testimony provided by Townships fails to provide any evidence that would create a genuine issue of material fact, Townships cannot maintain their breach of contract claim as a matter of law.

**IV. Conclusion**

Defendants' motion for summary judgment[5] is GRANTED.  Judgment on the complaint is hereby entered in favor of Defendants.

IT IS SO ORDERED.

Date: March 31, 2022         /s/ John R Adams
                             JOHN R. ADAMS
                             U.S. DISTRICT JUDGE

---

[4] The Townships rely on R.C. 5571.02, R.C. 5589.03, R.C. 5571.09, and R.C. 4477.12.
[5] The remaining Defendants are named as bond providers.  As the Court has found no merit in the underlying claim, it follows that the bond holders have no liability as well.